ANNA HOOKS, PLAINTIFF-RESPONDENT, v. M. J. CONNOLLY AND TRITON CHEMICAL CORPORATION, DEFENDANTS-APPELLANTS.

Submitted October 25, 1940—Decided January 28, 1941.

For the plaintiff-respondent, *Robert W. Richman*.

For the defendants-appellants, *Louis F. DiNicola* (*Maurice J. Cronin*, of counsel).

The opinion of the court was delivered by

PORTER, J. This is an ejectment suit brought in the Salem County Circuit Court. The answer filed by both defendants-appellants was the statutory one of general denial and a second defense that they have equitable defenses which "are reserved." In passing it may be noted that a defense of an equitable nature cannot be heard in an ejectment suit.

On motion supported by affidavits to which answering affidavits were submitted the learned trial court struck the answer and entered judgment for the plaintiff on the ground that no defense cognizable at law was shown.

It is not necessary to consider the merits of the defense on the affidavits filed because we conclude, for reasons to be stated, that the substituted plaintiff had no right of action

and that therefore the striking of the answer and the entry of judgment was error and must be reversed.

It appears that Anna Hooks, who originally brought this suit, was the owner of a farm property located in Salem county which she contracted in writing on October 24th, 1939, to sell to the defendant Connolly for $6,000, the title to pass on January 24th, 1940, which date for final settlement was made the essence of the contract. The sum of $600 was paid on account upon the execution of the contract. It was agreed that possession of the dwelling house be given on or before November 6th, 1939, and possession of the grounds and other buildings upon the execution of the contract. Possession was given on or about those dates and continued in the defendants. Connolly, it appears, acted for the defendant Triton Chemical Corporation of which he is president. In addition to the $600 paid on account of the purchase price additional sums were later paid at various times amounting to $945.77. Title did not pass to defendants or either of them on January 24th as provided in the contract nor at any other time. The defendants say that by parol agreement the date of closing was indefinitely postponed and that on March 13th, 1940, a tender was made of the balance of the purchase price to Anna Hooks and refused.

The contract in question was recorded in the county clerk's office on February 23d, 1940.

It further appears that on February 20th, 1940, Anna Hooks entered into a written agreement with Verna E. Lewis, of Allentown, Pennsylvania, for the sale of the same property for $5,000. That Anna Hooks executed a deed for the property to Verna E. Lewis under date of March 13th, 1940, which deed was held by counsel in escrow until March 19th, 1940, when it was duly recorded in the county clerk's office.

The instant suit was instituted on March 13th, 1940, the same day the deed to Verna E. Lewis was executed and also the same day the defendants claim to have tendered to Anna Hooks the balance of the purchase price under their contract. Anna Hooks died on March 23d, 1940, intestate leaving several children.

On April 10th, 1940, Elizabeth Shultz, a daughter of Anna Hooks, filed her affidavit suggesting the death of her mother on the record and an order was made and entered permitting her to prosecute the action of ejectment "on behalf of the heirs of Anna Hooks, deceased, and for the benefit of said heirs and for the benefit of the grantee of said premises, Verna E. Lewis."

This procedure was purported to be taken under the provisions of the Ejectment act, *R. S.* 2:51-32, which follows:

"If the right of action of a sole plaintiff or of one of several plaintiffs dying before trial does not survive to another plaintiff, the legal representative of the deceased plaintiff may, by leave of court, and upon his entering a suggestion of the death and that he is the legal representative, proceed with the action. The truth of the suggestion together with the title of the deceased plaintiff shall be tried in the action. Judgment shall be had upon the verdict in favor of or against the party making the suggestion, as hereinbefore provided with reference to judgments for or against the deceased plaintiff."

*R. S.* 2:51-1 provides:

"The words 'legal representative' as used in this chapter with reference to the death of a party to an action of ejectment and the effect thereof, shall mean the heir, devisee or other representative of the decedent, who, at the time and by reason of decedent's death, became seized or possessed of or otherwise entitled to the estate or interest of the decedent in the premises in question."

It is argued by the appellants that Elizabeth Shultz has no standing to prosecute this action. With that contention we are in accord. She is not such a person as comes within the statute. She is not the "legal representative" within the definition of the statute. She did not and could not become entitled to the estate nor any interest of the decedent because the decedent had no interest therein at the date of her death, she having divested herself thereof by her deed which had been executed, delivered and recorded before her death. As stated it was executed March 13th, delivered and recorded on March 19th and she died on March 23d. It is true that

she had title when she started the suit but she parted with it before her death and the statute in defining legal representative fixes the status at the time of death in making provision for the survival of the action.

In order for the suit to proceed it is mandatory that the specific provisions of the statute for procedure after the death of the plaintiff be complied with. For the reasons stated they have not nor could they be.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Dear, Wells, WolfsKeil, Rafferty, Hague, JJ. 14.